Electronically Filed
12/2/2022 9:00 AM
Karen Phillips, Smith County Clerk
Reviewed By: Annette Holmes

CAUSE NO. 74829 _____

| | | |
|---|---|---|
| **DARIN BAISDEN** | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | |
| V. | § | AT LAW |
| | § | |
| **CLEARCOVER INSURANCE COMPANY** | § | |
| Defendant | § | SMITH COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DARIN BAISDEN, Plaintiff, complaining of CLEARCOVER INSURANCE COMPANY, Defendant, and for cause of action would respectfully show unto the court the following:

### I.
### CASE LEVEL ASSIGNMENT

1.  Plaintiff would show discovery in this cause should be conducted pursuant to a Level 3 Discovery Control Plan, as set forth in Rule 190 of the Texas Rules of Civil Procedure. Plaintiff's damages are within the jurisdictional limits of this Court and Plaintiff would ask that a fair, reasonable and impartial jury assess the amount of damages in this case properly recoverable by the Plaintiff. The amount of actual damages awarded should be subject to the evaluation of the evidence by a fair, reasonable and impartial jury and is in excess of $1,000,000.00) excluding costs, pre-judgment interest and attorneys' fees.

### II.
### PARTIES

2.  Plaintiff, DARIN BAISDEN, is an individual whose address is 2310 Haverhill Drive, Tyler, Smith County, Texas 75707.

TRUE AND CORRECT COPY OF ORIGINAL FILED IN SMITH CO. CLERK'S

3. In accordance with CPRC 30.014, Darin Baisden has been issued a driver's license. Without regard to when said license was issued, whether it is still in effect, or where it was issued (none of which are required by CPRC 30.014), the last three (3) numbers (although without regard to the sequence as they appear on the license, which is likewise not required by CPRC 30.014) are 832.

4. Further, Darin Baisden has been issued a social security number. Without regard to when said social security number was issued, whether it is still in effect, or where it was issued (none of which are required by CPRC 30.014) the last three (3) numbers (although without regard to the sequence as they appear, which is likewise not required by CPRC 30.014) are 300.

5. Defendant, CLEARCOVER INSURANCE COMPANY, is a foreign authorized insurance company, licensed and authorized to do business in the State of Texas, and may be served with process by certified mail, return receipt requested, by serving their registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-4284.

### III.
### JURISDICTION AND VENUE

6. Venue is proper in Smith County pursuant to §1952.110 of the Texas Insurance Code because Darin Baisden, the policy holder resided and maintained his insurance coverage in Smith County at the time of the accident in question.

### IV.
### STATUTE OF LIMITATIONS

7. Plaintiff alleges this lawsuit has been filed within the time period of the appropriate statute of limitations from the date of occurrence. In the alternative, Plaintiff alleges the statute of limitations is tolled because this lawsuit has been filed within four (4) years of the date Plaintiff knew or should have known of the existence of a cause of action, or any delay is the result of direct threats or fraud on the part of the Defendant.

*Plaintiff's Original Petition*
Baisden v. Clearcover Insurance Company

## V.
## FACTS OF CASE

8. It has become necessary to bring this action because of injuries and damages sustained by Plaintiff as the result of a vehicular collision that occurred on or about September 30, 2021, in Tyler, Smith County, Texas. The evidence will show that the collision between the vehicle which Plaintiff was driving and the vehicle operated by Lessia Napper, an underinsured motorist, and Plaintiff's resulting injuries and damages were proximately caused by the negligence of Lessia Napper.

9. At such time, Plaintiff was protected against loss caused by bodily injuries and resulting from the ownership, maintenance or use of an underinsured motor vehicle by a policy of insurance issued by Defendant, Clearcover Insurance Company being policy number TX00000016643-01 issued to Darin Baisden.

## VI.
## NEGLIGENCE OF LESSIA NAPPER

10. Plaintiff alleges that Lessia Napper, an under insured motorist, through her acts and omissions, was negligent, and such negligence was a proximate cause of the occurrence and injuries in question. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Lessia Napper, an underinsured motorist:

   a. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

   b. In traveling at a faster rate of speed than a person exercising ordinary care and prudence would have traveled under the same or similar circumstances.

   c. In failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

   d. In failing to make such turning movements of the vehicle in question as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.


TRUE AND CORRECT COPY OF ORIGINAL FILED IN SMITH COUNTY CLERK'S OFFICE

e. In failing to watch out for traffic in front of Defendant's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

f. Defendant was negligent in other respects.

11. Plaintiff further alleges that Lessia Napper, an under insured motorist, acts and/or omissions by Defendant were negligent and also violated statutory law and regulations and gives rise to negligence per se, which was a proximate cause of the incident and injuries in question in one or more of the following ways[1]:

a. In violating Texas Transportation Code §545.103, which provides, "an operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely,";

b. In violating Texas Transportation Code §545.151 which provides, "an operator approaching an intersection: (1) shall stop, yield, and grant immediate use of the of the intersection in obedience to an official traffic control device, including a stop sign or yield right-of-way sign,";

c. In violating Texas Transportation Code §545.402, which provides, "an operator may not begin movement of a stopped, standing, or parked vehicle unless the movement can be made safely,";

d. In violating Texas Transportation Code §545.153(b) which provides, "unless directed to proceed by a police officer or official traffic control device, an operator approaching an intersection on a roadway controlled by a stop sign, after stopping as required by §544010, shall yield the right of way to a vehicle that has entered the intersection from another highway or that is approaching so closely as to be an immediate hazard to the operator's movement in or across the intersection,"; and

e. In violating Texas Transportation Code §545.151(a)(l)(2), which provides, "an operator approaching an intersection: shall stop, yield, and grant immediate use of the intersection in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign.......after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway.".

---

[1] Plaintiff asserts that in the event any of these allegations and statutes plead do not constitute negligence per se under Texas law, said statutes are being plead for the purpose of setting out the standard of care which the Defendant at all times material hereto, was required to adhere to and a violation of same would have constituted negligence under common law.

*Plaintiff's Original Petition*
Baisden v. Clearcover Insurance Company



## VII.
## CAUSE OF ACTION

12. Plaintiff alleges the motor vehicle causing his damages as described herein was at all times material to this action an "underinsured motor vehicle" as defined in the policy of insurance issued by Defendant, Clearcover Insurance Company. Plaintiff has fully complied with all the terms of the insurance policy issued by Defendant, Clearcover Insurance Company, as a condition precedent to bringing this suit.

## VIII.
## DAMAGES

13. Plaintiff's damages include past, and probable future loss, which includes:

   (a) pain and mental anguish;

   (b) physical impairment;

   (c) disfigurement; and

   (d) necessary medical, psychological, psychiatric, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices.

   (e) prejudgment interest at the maximum legal rate.

14. Plaintiff alleges the damages exceed the minimum jurisdictional limits of this Court.

## X.
## DECLARATORY RELIEF

15. Plaintiff further asserts, based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant, Clearcover Insurance Company at the time of the accident, Plaintiff seeks a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code Ch. 37 construing the contract of insurance and declaring Plaintiff's rights and obligations under the contract. Specifically, Plaintiff seeks a finding that the driver the cause of the wreck was negligent, the amount

*Plaintiff's Original Petition*
Baisden v. Clearcover Insurance Company


TRUE AND CORRECT COPY OF ORIGINAL FILED IN SMITH COUNTY

of damages that Plaintiff suffered in the wreck, the amount that Plaintiff is legally entitled to recover from the driver the cause of the wreck, that the driver the cause of the wreck was an underinsured motorist, that Plaintiff is entitled to recover from Defendant, Clearcover Insurance Company Plaintiff's damages resulting from the motor vehicle collision the subject of this suit, that Plaintiff's damages fall within the coverage afforded Plaintiff under the policy with Defendant, Clearcover Insurance Company and specifying the amount of damages, interest, court costs and attorney's fees that Defendants are obligated to pay.

## IX.
## ATTORNEY'S FEES

16. Plaintiff is entitled and seeks to recover in this case all reasonable and necessary attorney's fees that are equitable and just in this suit for declaratory relief pursuant to the Texas Civil Practice & Remedies Code section 37.009 under the Uniform Declaratory Judgment Act as well as the Texas Supreme Court opinion issued in *Allstate Insurance Company v. Irwin*, 627 S.W.3d 263, (Tex. 2021).

## XI.
## RULE 193.7 NOTICE

17. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XII.
## JURY DEMAND

18. Plaintiff requests that a jury be convened to try the factual issues in this cause.

19. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial, Plaintiff have judgment of, from, and against the Defendant for the actual damages, costs of Court, prejudgment and post-judgment interest, and attorney's fees as set out hereinabove all to be determined by a fair and impartial jury that has fully weighed the evidence and facts and delivered its verdict in accordance with the Judge's instructions, in amounts as set out above, together with costs of suit, pre-judgment interest,

*Plaintiff's Original Petition*
**Baisden v. Clearcover Insurance Company**



post-judgment interest and for such other and further relief which they may show themselves to be justly entitled.

        Respectfully submitted,

        s/*Jimmy M. Negem, Jr.*
        Jimmy M. Negem, Sr.
        State Bar No. 14865500
        Joe M. Worthington
        State Bar No. 22009950
        Jimmy M. Negem, Jr.
        State Bar No. 24115371
        Nicholas M. Negem
        State Bar No. 24123713
        Negem & Worthington
        1828 E SE Loop 323
        Suite R – 1A
        Tyler, Texas 75701
        903.595.4466 (telephone)
        903.593.3266 (facsimile)
        JMNegem@Negemlaw.com

        ATTORNEYS FOR PLAINTIFFS

TRUE AND CORRECT COPY OF ORIGINAL FILED IN SMITH COUNTY CLERK'S OFFICE